Pearson, C. J.
 

 In the action of ejectment the question is: Has the lessor of the plaintiff such a title as enabled him to make the lease set out in the declaration; and it is a well established rule that the lessor must show title at the
 
 date of the demise ;
 
 for otherwise he had no right to make the lease. So, it is a well established rule that the lessor must hare the right of entry at the time the action is commenced; for otherwise he could not enter to make the lease, and the
 
 fiction
 
 that he has made a lease, is only allowable where he could enter and make it, for the purpose of saving the useless trouble and expense of actually doing so;
 
 Adderton
 
 v.
 
 Melchor,
 
 9 Ire. Rep. 349;
 
 Skipper
 
 v. Lennon, Busb. Rep. 189. So, also it is well established that a joint demise by twoisnot supported by showing title in one of the two at the date of the demise, the other having no title at that time;
 
 Hoyle
 
 v.
 
 Stowe, 2
 
 Dev. Rep. 318;
 
 Banner
 
 v.
 
 Carr,
 
 11 Ire. Rep. 45. In our case the
 
 “
 
 feme” lessor had title at the date of the demise, but the “ baron” lessor had no title at the time, which was several years before the coverture. It follows that the lessors did not have such a title as enabled them to make the lease set out in the declaration, and the action cannot be maintained.
 

 Mr. Smith
 
 assumed the position that a demise in the name of the feme alone could not be supported, because she did not have the right of entry at the commencement of the action, her legal existence being merged in that of the baron, who held the right of entry with her in her right, and he put the case in this way : If the demise in the name of the feme alone, cannot be supported, because she did not alone have the right of entry at the commencement of the action, and a demise in the name of the baron and feme cannot be supported, because the baron had no title at the date of the demise, it follows that
 
 *11
 
 for the time between the date of the demise and the marriage, there is
 
 a Tight without a remedy,
 
 and to avoid this, he insists that the demise in the name of baron and feme ought to be sustained.
 

 We agree with him thus far: If the demise is dated
 
 before the
 
 marriage, it cannot be supported either in the name of the
 
 feme
 
 alone, or in the names of the baron and feme ; but we do not concur with him in the conclusion, that on that account the well established rules of law must give way in order to prevent a failure of justice ; for that result will not follow. Let the demise be
 
 dated on the 'day of the marriage
 
 and be in the names of the baron and feme ; a recovery can then be effected without violating any rule of law ; and the possession being regained, in the action of trespass, for the mesne profits, the judgment in ejectment will be conclusive as to the title from the date of the marriage, and the only inconvenience will be that, as to the time before the marriage, the question of title will be open, and may be put in issue in that action. So, the only difference will be, that for the latter time, the title of the feme wfill be proven in the action of tresspass, instead of being proven in the action of ejectment.
 

 A consideration of the nature of the action of ejectment, will show the justness of this conclusion. The writs of entry and assise involved the right of entry at the commencement of the action. If that was established, the demandant had judgment, and a writ of
 
 habere facias seisi/nam
 
 issued. The action of ejectment being substituted for these actions, in strictness, should have been confined to the right of entry at its commencement; for if before commencing the action, the party was required to be at the trouble and expense of making an actual entry and lease, the date of the demise would of course necessarily be at that time, but the courts in furtherance of justice, relaxed the principle to the extent of allowing the demise to be dated back to the time when the title of the lessor accrued, so as to decide the question of title, both at the date of the demise and the commencement of the action; there can, however, be no ground for insisting upon a further
 
 *12
 
 relaxation, so as to allow the demise to be dated back to a time prior to the title of both lessors, where there is a joint demise, for the purpose of allowing one of them to set up title in himself before their joint right of entry accrued." The learned counsel did not cite any authority for this departure from well established rules, and we can see no reason for permitting it. There is no error.
 

 Per Cdeiam, Judgment affirmed.